UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES MATTHEWS, ET AL., | ) | CIVIL ACTION |
| Plaintiff | ) | |
| | ) | NO. |
| VERSUS | ) | |
| | ) | SECTION |
| JACK STOLIER, ET AL., | ) | |
| Defendants | ) | MAGISTRATE JUDGE |
| | ) | |

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that defendants Jack Stolier; Stephen Sullivan; Sullivan Stolier, A Partnership; Sullivan Stolier and Resor, A Prof. Law Corp; Sullivan Stolier Knight L.C. d/b/a The Health Law Center; and Michael Schulze (collectively, "Defendants"), through undersigned counsel, hereby remove the above-captioned action from the Orleans Parish Civil District Court, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and respectfully state:

1.    On October 17, 2013, Charles Matthews, both individually and on behalf of numerous entities in which he allegedly has an interest, and Sherita Matthews ("Plaintiffs") commenced this action in Civil District Court for the Parish of Orleans, styled *Charles Matthews v. Jack Stolier et al.*, No. 2013-09845, Sec. "D(16)". A true and correct copy of the Petition in that action is attached hereto as Exhibit A.

2.    As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because the Defendants have satisfied the procedural requirements for removal and because this Court has original federal question and supplemental jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

## I.   DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3.      Plaintiffs first requested service of the Petition and Citation on December 2, 2013. Defendant Sullivan Stolier Knight L.C. d/b/a The Health Law Center was served with process in the action through its registered agent on December 5, 2013. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4.      All served defendants in the action consent to this removal.[1] *See* Notice of Consent in Removal, attached hereto as Exhibit B, which was executed on behalf of Defendants James and Connie Morgan and Red River Healthcare Management Company, a copy of which will also be filed separately with the Court; and Exhibit C attached hereto, Affidavit of Dan Daigle, authorized representative of Defendant Jefferson LTAC, LLC consenting to this removal.

5.      The Orleans Parish Civil District Court is located within the Eastern District of Louisiana.  Therefore, venue is proper pursuant to 28 U.S.C. § 98(a) because this is the "district and division within which such action is pending."  *See* 28 U.S.C. § 1446(a).

6.      No previous application has been made for the relief requested herein.

7.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.2, copies of all process, pleadings, and orders filed into the state court record as of the date of removal are attached as Exhibits "A," "D," "E," and "F."   Pursuant to 28 U.S.C. § 1446(d), the Defendants are filing written notice of this removal, along with a copy of this Notice of Removal, with the Clerk of the Orleans Parish Civil District Court, State of Louisiana. The same will also be served upon counsel for the Plaintiffs.

---

[1] While there are other defendants named in the Petition, to date, Plaintiffs have not requested service on them. Accordingly, the consent of these unserved defendants is not needed to properly effectuate this removal. *See* 28 U.S.C. § 1446(b)(2)(A) (noting that all defendants *who have been properly joined and served* must join in or consent to the removal of the action) (emphasis added).

**II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. 1331 AND 1367.**

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs brought claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Specifically, Plaintiffs alleged Defendants are liable for violations of the Securities Exchange Act of 1934 ("the Act"), codified at 15 U.S.C. § 78a *et seq.*, and Rule 10b-5, at 17 C.F.R. § 240.10b-5, having allegedly engaged in fraud in the selling of a security as defined under the Act. Petition, at ¶ 131. As the Act itself in relevant part states, "[t]he district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have *exclusive* jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter . . .," and "[a]ny suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, . . . may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, . . ." 15 U.S.C. § 78aa (emphasis added). Therefore, this action is properly removed to this Court. *See Hawkins v. Nat'l Ass'n of Sec. Dealers Inc.*, 149 F.3d 330, 331 (5th Cir. 1998) (affirming the district court's denial of a motion to remand an action brought under the Act, and noting that "Congress has granted broad subject-matter jurisdiction in the arena of securities regulation.").

9.     This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' remaining state law claims because they are "so related" to Plaintiffs' federal securities claims, over which this Court has original jurisdiction, as to be part of the same case or controversy. 28 U.S.C. § 1367(a). "[I]n any civil action of which the district courts have original

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* The question under § 1367(a) is whether the supplemental claims "derive from a common nucleus of operative fact" as the original federal claims. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)).

10.     At issue in Plaintiffs' Petition is a single transaction: Plaintiffs' attempts to acquire and maintain an interest in a long-term acute health care facility. Plaintiffs alleged that they retained Defendants to assist in that transaction, but that during the course of the representation, Defendants conspired to take the facility away from Plaintiffs through threats and fraud. Specifically, Plaintiffs allege that certain of the Defendants unilaterally granted themselves a 4.99% ownership interest in the facility as a "bonus," and threatened to cancel the transaction if Plaintiffs did not agree to certain terms concerning the facility's operation and management. Petition, at ¶¶ 45-54, 61-65. Plaintiffs allege that Defendants then "engineered" the financial failure of the Plaintiffs and the health care facility. To that end, Defendants allegedly fraudulently concealed the existence of Medicare funds that would pay the facility's operating expenses, in order to force Plaintiffs to sell their interest in the facility to Defendants in exchange for a promissory note, the alleged security in this case. Petition, at ¶¶ 98-107, 112-117.

11.     In order to prevail on the federal securities claim, the Plaintiffs will have to show: (1) a material misrepresentation or omission; (2) intent; (3) in connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.,* 487 F.3d 261, 264 (5th Cir. 2007). The facts

that are operative to Plaintiffs' federal claims overlap the state law claims in a number of respects.[2]

12.     *First*, Plaintiffs assert claims under Louisiana law for fraudulent concealment, civil conversion, Louisiana securities law violations, and nullity of contract or breach of contract, in the alternative.[3]   Defendants' alleged material misrepresentation or omission – fraud – complained of by Plaintiffs with respect to their federal claims is the concealment of the existence of Medicare funds.   Plaintiffs will also have to establish this fact for the (1) fraudulent concealment claim, *Shelton v. Standard/700 Associates*, 798 So.2d 60, 64 (La. 2001) (noting that an element to an action for fraud is a misrepresentation, suppression, or omission of true information); (2) civil conversion claim, *Dual Drilling Co. v. Mills Equip. Investments, Inc.*, 721 So.2d 853, 857 (La. 1898) (noting that in order to find conversion, the plaintiff's possession of the thing must be acquired by the defendant unlawfully); (3) Louisiana securities law claim, *Taylor v. First Jersey Sec., Inc.*, 533 So.2d 1383, 1386 (La. App. 4th Cir. 1988) (noting an element of a finding of fraud under Louisiana securities law is a false or misleading statement of

---

[2] It should be noted that Plaintiffs further alleges as causes of action various violations of unnamed state and federal health care industry regulations. Petition, at ¶¶ 131-132. To the unnamed regulations, Plaintiffs have not alleged a sufficient basis from which the Defendants can respond. To the named regulations, such as the Balanced Budget Act of 1997 and 18 U.S.C. § 666 – a criminal statute relating to the defrauding of organizations who receive federal funds – it is unclear from Plaintiffs' Petition if they are attempting to enforce these regulations or are bringing a *qui tam* action under the False Claims Act. To the extent Plaintiffs bring these claims under the False Claims Act, it is a federal claim that further supports this Court's original federal jurisdiction. *See* 31 U.S.C. § 3729.

[3] Plaintiffs also allege both conspiracy to commit fraud and aiding and abetting in the commission of a fraud as separate independent causes of action. However, both conspiracy and aiding and abetting constitute the same derivative theory to recover against Defendants *in solido*, and are dependent upon Plaintiffs' other causes of action. *See Guidry v. Bank of LaPlace*, 94-1758 (La.App. 4 Cir. 9/15/95), 661 So.2d 1052, 1059. Therefore, claiming conspiracy and aiding and abetting as separate and independent causes of action against Defendants is incorrect, redundant, and irrelevant to the jurisdiction issues related to this removal.

a material fact or an omission of material fact); and (4) nullity of contract claim, *Simmons v. Pure Oil Co.*, 129 So.2d 786, 790 (La. 1961) (noting that fraud must be proven in order to render an agreement null on that basis).

13.     *Second*, Plaintiffs allege their economic loss to be the loss of their interest in the facility while not having been compensated under the terms of the promissory note. Petition, at ¶¶ 118-119, 131. In other words, Plaintiffs allege Defendants received a profitable health care facility to their detriment and without proper compensation. This is precisely what Plaintiffs will have to establish in order to sustain their claim for unjust enrichment under Louisiana law. *See Westbrook v. Pike Elec., L.L.C.*, 799 F. Supp. 2d 665, 672 (E.D. La. 2011) (noting the elements of unjust enrichment, in part, as an enrichment to the defendant and an impoverishment to the plaintiff).

14.     *Third*, part of the inquiry into Plaintiffs' federal law claims will concern the level of management authority exercised by certain of the Plaintiffs over the health care facility's operations. *See KFC Ventures, L.L.C. v. Metaire Med. Equip. Leasing Corp.*, CIV. A. 99-3765, 2000 WL 726877 (E.D. La. June 5, 2000) (noting that for an interest to be considered a "security" under federal law, it must be purchased with the expectation of profits to be derived solely from the efforts of individuals other than the investor). The management structure of the facility will also be at issue in Plaintiffs' state law claims for breach of fiduciary duty against the managers of the facility, defendants James Morgan and Red River Healthcare Management Company. *See Brockman v. Salt Lake Farm P'ship*, 768 So.2d 836, 844 (La. App. 2d Cir. 2000).

15.     *Fourth*, and finally, Plaintiffs allege various theories of recovery against Defendants for legal malpractice. These claims are based on the same facts as the federal claims, namely whether Defendants' allegedly defrauded Plaintiffs out of the health care facility.

16. As the above demonstrates, the same facts that will be relevant to establishing Plaintiffs' federal securities claim will also be relevant to establishing each of their state law claims. Therefore, the federal and state law claims share a common nucleus of operative facts and are "so related," that it is proper for this Court to exercise supplemental jurisdiction over Plaintiffs' state law claims as well.

**WHEREFORE**, the Defendants respectfully remove this action from the Orleans Parish Civil District Court, State of Louisiana, to this Court.

Dated: December 12, 2013.

Respectfully submitted,

*/s/ Thomas P. Owen, Jr.*
Richard C. Stanley, 8487
Thomas P. Owen, Jr., 28181
Cassandra R. Hewlings, 35170
STANLEY, REUTER, ROSS,
  THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone:     (504) 523-1580
Facsimile:      (504) 524-0069
rcs@stanleyreuter.com
tpo@stanleyreuter.com
crh@stanleyreuter.com

Attorneys for Jack Stolier; Stephen Sullivan; Sullivan Stolier, A Partnership; Sullivan Stolier and Resor, A Prof. Law Corp; Sullivan Stolier Knight L.C. d/b/a The Health Law Center; and Michael Schulze

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of December, 2013, I electronically filed the foregoing document with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first class U.S. mail to any non-CM/ECF participants.

*/s/ Thomas P. Owen, Jr.*
