UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **CHARLES MATTHEWS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13–6638** |
| **JACK STOLIER, ET AL** | **SECTION: "H"(2)** |

## ORDER AND REASONS

The Court addresses *sua sponte* Plaintiffs' failure to serve Defendant, CNA Insurance Company.  *See* Fed. R. Civ. Pro. 4(m).  For the following reasons, Plaintiffs' claims against Defendant, CNA Insurance Company, are DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiffs filed a petition in Louisiana state court on October 17, 2013 asserting various claims against several Defendants.  On December 12, 2013, the action was removed to this Court.  At the time of removal, Plaintiffs had not effected service on Defendant, CNA Insurance Company

1

("CNA"). Plaintiffs made no attempt to effect service after removal and, on April 17, 2014 (126 days after removal), the Court ordered Plaintiffs to show cause, no later than May 8, 2014, as to why CNA had not been served. On April 29, 2014, Plaintiffs responded to the show cause order. The Court finds that Plaintiffs have failed to show good cause for their failure to timely serve CNA. Therefore, CNA is dismissed without prejudice.

**LEGAL STANDARD**

"If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. The court has discretion to extend the time for service even in the absence of good cause shown. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

In considering whether to extend the time for service, courts employ a two-step process. "[The court] must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id*. The Fifth Circuit has explained that "good cause" is generally equated with "excusable neglect." *McDonald v. U.S.*, 898 F.2d 466, 467 (5th Cir. 1990). However, "inadvertence or mistake of counsel or

2

ignorance of the rules usually does not suffice, and [] some showing of good faith and a reasonable basis for noncompliance within the time specified is necessary to show good cause." *Id*.

## LAW AND ANALYSIS

As explained above, where a plaintiff has failed to effect service within 120 days after the complaint is filed, the Court should ordinarily dismiss the unserved defendants without prejudice. Fed. R. Civ. Pro. 4(m). However, a plaintiff can escape dismissal if he can show good cause for his failure to effect service. The primary question before the Court is whether Plaintiffs have shown good cause for failure to timely serve CNA. The Court concludes that they have not.

In response to this Court's show-cause order, Plaintiffs offered an explanation for their failure to serve CNA. Plaintiffs explain that, sometime after the suit was filed, a representative of CNA became aware of the suit and contacted Plaintiff counsel. The CNA representative explained to Plaintiff counsel that CNA did not insure any defendants in this lawsuit and inquired as to whether Plaintiffs would be willing to voluntarily dismiss CNA. Plaintiff counsel has not represented to the Court that she doubts the veracity of CNA's representation. Rather, she has indicated that she prefers to join the correct insurers before dismissing CNA. Counsel notes that she has served interrogatories on Defendants, which request information regarding the correct identity of Defendants' insurers. However, Plaintiff Counsel correctly notes that Defendants are not yet obligated to respond to Plaintiffs' discovery because there are pending Motions to Dismiss.

3

Counsel for Plaintiff asks the Court to extend the time to serve CNA until after Defendants answer the interrogatories, at which time she will likely voluntarily dismiss CNA.

Plaintiffs' explanation does not show good cause for failing to serve CNA. Good cause is generally equated with excusable neglect. *McDonald*, 898 F.2d at 467. However, Plaintiffs have not neglected to serve CNA, they have chosen not to attempt service. This is not a choice which is afforded to Plaintiffs by the Rules of Civil Procedure. Furthermore, since it appears at this time that Plaintiffs lack a cause of action against CNA, the Court chooses not to exercise its discretion to extend the time for service. Therefore, because Plaintiffs have failed to show good cause, the Court is required to dismiss CNA.

## CONCLUSION

For the foregoing reasons, Defendant, CNA Insurance Company, is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 6th day of May, 2014.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE