UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES MATTHEWS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13–6638** |
| **JACK STOLIER, ET AL.** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration (Doc. 121) and a Motion for Entry of Judgment pursuant to Rule 54(b). For the following reasons, the Motions are DENIED.

## BACKGROUND

Plaintiffs, Charles Matthews and his wife Sherita Matthews, filed this suit in Louisiana state court asserting a litany of claims against multiple defendants. Defendants removed the matter to this Court, invoking the Court's federal question jurisdiction, and promptly filed several motions to dismiss. The Court issued an Order granting the motions in part ("First Order"). In the First Order, the Court specifically delineated which claims were dismissed, which

1

claims survived, and which of the dismissed claims Plaintiffs were granted leave to amend.  Plaintiffs filed an Amended Complaint that added 45 pages of allegations to the already 70-page Complaint.  Plaintiffs also filed a motion for reconsideration, in which they argued that much of the First Order was incorrect.  For their part, Defendants filed a new round of motions to dismiss, arguing that the Amended Complaint did not cure any of the deficiencies identified by the Court in the First Order.  The Court issued another Order ("Second Order") dismissing several of Plaintiffs' claims and denying them further leave to amend.  Dissatisfied with the Court's rulings, Plaintiffs have filed two additional motions.  First, Plaintiffs ask the Court to reconsider its ruling dismissing several breach of contract claims because Plaintiffs failed to sue any of the parties to the contracts.  Second, Plaintiffs ask the Court to certify its dismissal of Defendant Jack Stolier as final and immediately appealable.

## LAW AND ANALYSIS

### I. Motion to Reconsider

While the Federal Rules of Civil Procedure do not explicitly provide for a "motion for reconsideration," courts routinely consider such motions.[1]  Motions so denominated are assessed under Rules 54(b), 59, and 60.[2]  Because Rules 59 and 60 only apply to final judgments, a motion to reconsider that challenges an

---

[1] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

[2] *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns Inc.*, No. 10–CV–1842, 2012 WL 3034707, at *1 (N.D. Tex. July 25, 2012).

interlocutory order is analyzed pursuant to Rule 54(b).[3] Rule 54(b) permits the district court to reconsider an interlocutory order for any reasons it deems sufficient.[4] Courts in this District generally analyze motions to reconsider interlocutory orders under Rule 59(e).[5]

A Rule 59(e) motion challenges the correctness of a judgment, or in this case, an interlocutory order.[6] Such motions are not "the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[7] Instead, Rule 59(e) serves the narrow purpose of correcting "manifest error[s] of law or fact or . . . present[ing] newly discovered evidence."[8] Altering, amending, or reconsidering a judgment "[i]s an extraordinary remedy that should be used sparingly."[9] While district courts have "considerable discretion" in deciding a Rule 59(e) motion,[10] denial is favored.[11]

Plaintiffs ask the Court to reconsider a portion of the Second Order that dismissed certain breach of contract claims. Specifically, the Court held that

---

[3] *Gulf Fleet Tiger Acquisition, LLC v. Thoma–Sea Ship Builders, LLC*, 282 F.R.D. 146, 151–52 (E.D. La. 2012).

[4] *United States v. Randa*, 709 F.3d 472, 479 (5th Cir. 2013).

[5] *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *4 n.54 (E.D. La. Apr. 5, 2010) (collecting cases); *Gulf Fleet*, 282 F.R.D. at 152 n.40 (same).

[6] *See In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

[7] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[8] *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (internal quotation marks omitted).

[9] *Templet*, 367 F.3d at 479.

[10] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

[11] *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

3

Plaintiffs could not assert breach of contract claims against Defendants who were not parties to the contracts. In so holding, the Court noted that it is well established that Louisiana law provides no action for breach of contract in the absence of privity between the parties.[12] Plaintiffs argue that a recent Supreme Court case provides an exception to this well-established rule.

As a preliminary matter, the Court notes that Plaintiffs have offered no reason for their failure to raise this argument before the Court decided the Motion. Plaintiffs entire argument relies on a single case, *Ogea v. Merritt*.[13] That case was, however, decided sixteen months before the Court issued the Second Order. Because Plaintiffs Motion for Reconsideration relies on an argument that could have been raised before the Court issued its order, Plaintiffs' Motion is denied.[14]

Out of an abundance of caution, the Court also notes that Plaintiffs' reliance on *Merritt* is misplaced. *Merritt* did not create an exception to the rule that a party may not assert a breach of contract claim against a person not a party to the contract. There was no breach of contract claim at issue in *Merritt*. Instead, the Court established a four factor test to be used when courts consider whether to hold the members of an LLC individually liable for the *torts* of the

---

[12] *Louisiana Ins. Guar. Ass'n v. Rapides Parish Police Jury*, 182 F.3d 326, 331 (5th Cir. 1999); *Long v. Jeb Breithaupt Design Build Inc.*, 4 So. 3d 930, 941 (La. App. 2 Cir. 2009); *Pearl River Basin Land & Dev. Co. v. State ex rel. Governor's Office of Homeland Sec. & Emergency Preparedness*, 29 So. 3d 589, 592 (La. App. 1 Cir. 2009).

[13] 130 So. 3d 888 (La. 2013).

[14] *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) ("[A] motion to alter or amend the judgment under Rule 59(e) . . . cannot be used to raise arguments which could, and should, have been made before the judgment issued.").

LLC.[15]  Notably, the Court clearly expressed that breach of contract claims will often *not* satisfy the test.[16]  Accordingly, the Court is convinced that *Merritt* does not change the Court's analysis.

### II. Motion for Entry of Final Judgment

Plaintiffs also move the Court to enter a final judgment as to Stolier pursuant to Rule 54(b).  That rule provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.**  When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b) permits a court to certify an otherwise interlocutory order for immediate appeal.[17]  A court making such a certification must make two separate findings.  First, the court must determine that the interlocutory order is a "final judgment."[18]  There is no question that this requirement is satisfied in this case.  The Second Order dismissed all of Plaintiffs' claims against Stolier

---

[15] *Id.* at 900–01.

[16] *Id.*

[17] *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enterprises, Inc.*, 170 F.3d 536, 539 (5th Cir. 1999).

[18] *Id.*

5

with prejudice. By dismissing all claims asserted against Stolier, the Court has unquestionably entered a final judgment as to Stolier.[19]

The Court is, however, unable to make the second required finding. "The second determination the district court must make is whether any just reason for delay exists."[20] "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[21] "Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in setting [sic] such as this, a district court must take into account judicial administrative interests as well as the equities involved."[22] The foremost of which is the strong federal policy against piecemeal appeals.[23]

The Court cannot say that its dismissal of Stolier should be appealable at this time. If the Court were to permit Plaintiffs to appeal the dismissal, it would have to ignore the strong federal policy against piecemeal appeals. Furthermore, aside from their assertion that the Court is wrong, Plaintiffs have not offered any persuasive justification for a certification. Finally, the issues decided as to Stolier are intertwined with the remaining issues in the case. If the Court were to permit an appeal now, there is a substantial risk that the Fifth Circuit would be forced to decide similar issues again on appeal from final judgment. Rule

---

[19] *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (holding that judgment dismissing all claims against one party was final as to that party).

[20] *Id.*

[21] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

[22] *Id.*

[23] *Id.*

54(b) was designed to prevent exactly that result.  Accordingly, the Court cannot say that there is no just reason for delay, and Plaintiffs' Motion is denied.

## CONCLUSION

For the foregoing reasons, the Motions are DENIED.

New Orleans, Louisiana, this 15th day of July, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

7