UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES MATTHEWS, ET AL** | **CIVIL ACTION** |
| **VERSES** | **NO: 13-6638** |
| **JACK STOLIER, ET AL** | **SECTION: "H"(3)** |

### ORDER AND REASONS

Before the Court are Plaintiff's Motion for Appeal/Review of Magistrate Judge Decision (Doc. 163) and a Motion to Expedite the Motion for Appeal/Review. The Court GRANTS the Motion to Expedite and proceeds to the merits of the Motion for Appeal/Review. For the following reasons, that Motion is DENIED.

### BACKGROUND

The background facts of this case have been detailed at length in the Court's previous orders.[1] Familiarity with those orders is assumed.

---

[1] *See, e.g.*, Doc. 109.

1

The instant motion arises out of the decision of Magistrate Judge Joseph Wilkinson to recuse himself in this matter. This decision was based on the fact that the law firm of Frilot, LLC, at which his son-in-law is a partner, is counsel in this matter. After the recusal Plaintiffs, presumably pleased with Judge Wilkinson's handling of the case, filed a motion to reconsider the recusal, which was denied. Plaintiff now files this appeal of the Magistrate's decision to recuse himself, asking the District Judge to reassign the case to Judge Wilkinson.

## LAW AND ANALYSIS

The Court questions whether it has the authority to overrule the Magistrate's decision to recuse himself in this matter. Judge Wilkinson has determined, in reliance on Advisory Opinion No. 58 of the Judicial Conference of the United States Committee on Codes of Conduct, that his recusal is warranted by 28 U.S.C. § 455. The thrust of Plaintiffs' argument appears to be that the Court should reverse the Magistrate's decision to recuse himself because Opinion 58 is nonbinding. The Fifth Circuit, in *Potashnick v. Port City Const. Co.*, adopted a *per se* rule of disqualification when a partner in a law firm appearing before the judge is related to that judge within the third degree.[2] Though some jurisprudence has called into question the extent to which Opinion 58 creates a *per se* rule of disqualification, the cases cited by Plaintiffs are distinguishable—they all

---

[2] *Potashnick v. Port City Const. Co.,* 609 F.2d 1101, 1114 (5th Cir. 1980)

involve affirmance of a judge's decision not to recuse himself from a matter.[3] Plaintiff has not cited the Court to a case reversing a judge's decision to recuse himself.

Judge Wilkinson has determined that the circumstances of this case warrant recusal. The Court is not inclined to second-guess the Magistrate's decision.

## CONCLUSION

For the forgoing reasons, Plaintiffs' Motion for Appeal/Review is DENIED.

New Orleans, Louisiana this 20th day of October, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See, e.g., Microsoft Corp. v. U.S.*, 530 U.S. 1301, 1302 (2000) (expressing doubt that 28 U.S.C. § 455 requires recusal in support of Justice Rehnquist's decision to stay on the case despite his son's partnership in a firm that was appearing before the Court); *Pashaian v. Eccelston Properties, Ltd.*, 88 F.3d 77, 84 (2d Cir. 1996) (rejecting the Fifth Circuit's *per se* rule of disqualification).