UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **CHARLES MATTHEWS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6638** |
| **JACK STOLIER, ET AL** | **SECTION: "H"(3)** |

## ORDER AND REASONS

Before the Court are a Motion to Disqualify Counsel filed by Defendants Stephen Sullivan; Sullivan Stolier, A Partnership; Sullivan Stolier and Resor, A Professional Law Corp; Sullivan Stolier Knight L.C. d/b/a the Health Law Center; and Michael Schulze (the "Law Firm Defendants") (Doc. 166) and a Motion to Disqualify Counsel filed by James Morgan, Connie Morgan, and Red River Healthcare Management Company, LLC (the "Morgan Defendants") (Doc. 184). Both Motions ask this Court to disqualify Plaintiffs' Counsel Marie Riccio. For the following reasons, the Motions are GRANTED.

1

## BACKGROUND

The background facts of this case have been detailed at length in the Court's previous orders.[1] Familiarity with those orders is assumed. After entertaining a series of Motions to Dismiss, the Court has delineated the following claims as the sole surviving claims in this action: (1) a fraud claim, sounding in tort, against Sullivan and the Morgans; (2) a claim to nullify the Power of Attorney, and any contracts executed pursuant to the Power of Attorney, on the basis of fraud; (3) breach of fiduciary duty claims against the Morgan Defendants and the Law Firm Defendants; (4) a breach of contract claim related to the contract selling LSH to JLTAC; (5) a breach of contract claim on behalf of WJLT for breach of the two promissory notes executed by JLTAC; (6) a legal malpractice claim against the Law Firm Defendants; (7) negligence claims against the Morgans and Red River; and (8) claims for violations of Louisiana and federal securities laws.

The Law Firm Defendants filed a Motion to Disqualify Plaintiffs' counsel Marie Riccio, arguing that applicable ethical rules governing attorney conflicts mandate that she be disqualified. The Morgan Defendants likewise filed a Motion to Disqualify Ms. Riccio, adopting the arguments offered by the Law Firm Defendants. Plaintiffs vehemently oppose these Motions.

---

[1] *See, e.g.*, Doc. 109.

## LEGAL STANDARD

"Disqualification cases are governed by state and national ethical standards adopted by the court."[2] District courts faced with a motion to disqualify must apply the ethical standards of the district court, the state in which the district court sits, and the national standards adopted by the Fifth Circuit.[3] The Eastern District of Louisiana has adopted the Louisiana Rules of Professional Conduct as the local ethical standards.[4] "The Fifth Circuit has recognized the ABA Model Rules of Professional Conduct . . . as the national standards to consider in reviewing motions to disqualify."[5] The Louisiana Rules of Professional Conduct and the ABA Model Rules are, for all relevant purposes, identical.[6] This Court will cite to the Louisiana Rules for consistency.

Courts should not mechanically apply the rules of disqualification.[7] Instead, "court[s] must take into account not only the various ethical precepts adopted by the profession but also the social interests at stake."[8] "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights."[9] The Court reviews motions to disqualify "with fairly strict scrutiny. Although any

---

[2] *Horaist v. Doctor's Hosp. of Opelousas,* 255 F.3d 261, 266 (5th Cir. 2001).
[3] *Id.*
[4] LR 83.2.3
[5] *Id.*
[6] *Horaist,* 255 F.3d at 266.
[7] *F.D.I.C. v. U.S. Fire Ins. Co.,* 50 F.3d 1304,1314 (5th Cir. 1995).
[8] *Id.*
[9] *Id.*

3

doubts are to be resolved in favor of disqualification, the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary."[10] "Depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration."[11]

## LAW AND ANALYSIS

Defendants advance two arguments in favor of disqualifying Ms. Riccio. First, they argue that she is a necessary witness to many of the events underlying Plaintiffs' claims. Second, they argue that her representation is afflicted with numerous nonwaivable conflicts of interest. Plaintiffs assert myriad arguments in opposition to this motion. The Court will address the allegation that Ms. Riccio is a necessary witness first, as it is potentially dispositive of the entire issue.

Defendants contend that this Court should disqualify Ms. Riccio, Plaintiffs' sole attorney, from continuing to represent Plaintiffs because Ms. Riccio is a necessary witness in this matter and her continued representation is precluded by Rule 3.7 of the Rules of Professional Conduct. Rule 3.7 provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>   (1) the testimony relates to an uncontested issue;

---

[10] *CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein & Hilbert, L.L.C.,* No. 09–6623, 2010 WL 2773116, at *2 (E.D.La. July 9, 2010).

[11] *U.S. Fire Ins. Co.*, 50 F.3d at 1313.

4

> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

This Rule serves two distinct purposes: protecting the client and protecting the integrity of the court proceeding.[12] The Rule protects clients from a potential conflict of interest, which would occur when an attorney is forced to offer testimony that materially differs from the testimony offered by his client.[13] Additionally, the Rule preserves the integrity of judicial proceedings. Courts have expressed concerns that the role of a witness is inherently different from that of an attorney.[14] While witnesses are expected to objectively relate facts, attorneys are expected to advocate for their client's position. When an attorney is placed in both positions, the Court runs the risk that a jury will assign too much, or possibly too little, weight to the lawyer's testimony. These concerns have been echoed by several courts across the country.[15]

---

[12] *Id.*

[13] Model Rules of Prof'l Conduct R. 3.7 cmt. 6 (2011).

[14] *U.S. Fire Ins. Co.,* 50 F.3d at 1311.

[15] *See, e.g., Presnick v. Esposito,* 513 A.2d 165,167 (Conn. 1986) ("[P]ermitting an attorney who is trying a case also to be a witness in establishing its facts will visit on the legal profession public distrust and suspicion arising from the attorney's dual role"); *Bottaro v. Hatton Assocs.,* 680 F.2d 895, 897 (2d Cir.1982) (recognizing the risk that a lawyer might unfairly "enhance his or her credibility as an advocate by virtue of having taken an oath as a witness"); *Cottonwood Estates, Inc. v. Paradise Builders, Inc.,* 624 P.2d 296, 299 (Ariz.1981) ("[An] attorney who testifies diminishes his effectiveness as advocate as well as his effectiveness as a witness").

Turning to this matter, the Court's analysis of the instant Motion proceeds in two steps. First, the Court considers whether Rule 3.7 applies to this matter, i.e. whether Ms. Riccio is likely to be a necessary witness at trial. Second, if the Rule applies, the Court addresses whether any of the three exceptions apply. If no exception applies, Ms. Riccio must be disqualified by this Court.

**I. Ms. Riccio as a Necessary Witness**

The Law Firm Defendants contend that Ms. Riccio directly participated as Plaintiff Charles Matthews's counsel in several of the transactions that spawned the instant litigation. Specifically, they point to (1) Ms. Ricco's role in negotiation of the WJLT operating agreement, (2) her role in facilitating Plaintiffs' attempts to have Camillus funds released to them, (3) her role in attempting to negotiate a failed investment in WJLT, and (4) her role in the foreclosure of Plaintiffs' interest in Camillus. Indeed, Plaintiffs' Petition reflects Ms. Ricco's personal participation in these events, and she has been listed as a potential witness by multiple Defendants.

Plaintiffs contend that Ms. Riccio did not serve as Mr. Matthews's personal counsel in the above negotiations, instead arguing that she acted as independent counsel for various corporate entities, including WJLT and Camillus. Plaintiff also contends that Ms. Riccio is not competent to testify because she has no personal knowledge of the events other than information obtained "in her role as counsel." They argue, therefore, that she is not competent to testify under Federal Rule of Evidence 602. This Court fails to

6

see a distinction, however, between information obtained in her role as counsel and information otherwise obtained. Indeed, other courts in this District have found disqualification warranted where a lawyer participated in his capacity as counsel in the underlying events giving rise to the suit at bar.[16]

Likewise, there is no distinction between whether Ms. Riccio participated in these events as counsel for WJLT or as personal counsel to Mr. Matthews—the fact remains that she was a key participant in many of the events underlying this litigation.[17] Plaintiffs concede as much in their Opposition to this Motion.[18] It borders on absurd to argue that Ms. Riccio has no personal knowledge of the circumstances of negotiations in which she personally participated. Plaintiffs argue that the case can be made based on the corporate documents and bank statements alone; however, it defies reason

---

[16] *See, e.g., SAS Overseas Consultants v. Offshore Consultants USA, Ltd.*, No. 97-3449, 1998 WL 676992, at *3 (E.D. La. Sept. 30, 1998) (disqualifying lawyer from representation in litigation where he was involved in drafting and negotiation the terms of a contract provision at the center of the suit); *National Tax Credit Partners v. Manhattan Limited Partnership*, No. 90-372, 1992 WL 31843, at *3 (E.D. La. Feb. 6, 1992) (disqualifying attorney who had personal knowledge of the negotiations that led to the litigation based on the fact that he had previously represented a party as counsel during those negotiations and would likely be needed as a witness).

[17] The Court notes that the assertion that Ms. Riccio acted as Counsel to WJLT in lieu of as personal counsel to Mr. Matthews directly contradicts several paragraphs of the petition, wherein Plaintiffs contend that she was acting on behalf of Mr. Matthews. *See* Doc. 1-1 at ¶ 60, 63, 51, 95, 159.

[18] The Opposition states that, with regard to the WJLT Operating Agreement, "Riccio as counsel for WJLT reviewed the agreement, and negotiated amended provisions that would permit WJLT, through its 91.1 percent owner and manager, Matthews to buy out Sullivan group's 4.9 interest quickly and thus take full control of the company." Doc. 179 at 21. This plainly establishes that she was an intimate participant in the negotiations of the terms of this agreement. The circumstances of this agreement are a key issue in this litigation.

to argue that these documents alone could tell the story of the purportedly "tempestuous" negotiations surrounding the transactions underlying this litigation. The circumstances of these negotiations will be key to proving several of Plaintiffs' claims, including their fraud, malpractice, and breach of fiduciary duty claims. Ms. Riccio has unique personal knowledge of the circumstances of these negotiations based on her participation as counsel for Plaintiffs. Accordingly, the Court finds that she will likely be a necessary witness in this litigation.

## II. Exceptions to Rule 3.7

Having determined that Ms. Riccio is likely a necessary witness, the Court must next determine whether one of the three exceptions to Rule 3.7 applies. Plaintiffs have only invoked one of these exceptions: they contend that Ms. Riccio's disqualification will work substantial hardship on them. The Court notes, however, that discovery has only just begun in this case and trial is more than nine months away. This provides Plaintiffs with ample opportunity to obtain new counsel. Furthermore, the Court's interest in preserving the integrity of these proceedings outweighs any hardship imposed on Plaintiffs. Accordingly, the Court finds that none of the exceptions in Rule 3.7 apply.

It is apparent that, given Ms. Riccio's substantial involvement in the events underlying this litigation, her continued representation of Plaintiffs will only serve to confuse and complicate these proceedings. Accordingly, Rule 3.7 mandates that the Court disqualify Ms. Riccio from further representation of Plaintiffs in this matter.

8

This Court is cognizant of the fact that it should not lightly deprive a party of the counsel of its choice. The unique circumstances of this case, wherein Ms. Riccio will likely be a necessary witness, compel her disqualification in the interests of the integrity of these proceedings. Ms. Riccio would be in an untenable position were she asked to simultaneously advocate zealously for her client while serving as a neutral fact witness in the same litigation. It would be difficult, if not impossible, for a jury to separate Ms. Riccio the witness from Ms. Riccio the zealous advocate. For these reasons, disqualification is compelled.

## CONCLUSION

For the foregoing reasons, the Motions to Disqualify filed by the Law Firm Defendants and the Morgan Defendants are GRANTED. Marie Riccio is DISQUALIFIED from further representation of Plaintiffs in this case. A status conference is SET for February 25, 2016, at 2:30 p.m. to discuss the status of the case with Plaintiff's new counsel.

New Orleans, Louisiana this 23rd day of December, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**