UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **CHARLES MATTHEWS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6638** |
| **JACK STOLIER, ET AL** | **SECTION: "H"(3)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Review Under Rule 72 (Doc. 228). Plaintiff asks this Court to review the Magistrate Judge's denial of their Motion for Leave to File Plaintiffs' Fourth Amending and Supplementing Complaint (Doc. 209). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

The background facts of this case have been detailed at length in the Court's previous orders.[1] Familiarity with this orders is assumed; however, a

---

[1] *See, e.g.*, Doc. 109.

review of the facts pertinent to this Motion is helpful here. Jack Stolier was previously named as a defendant in the first and second amended complaints, but was twice dismissed, the second time with prejudice in a partial final judgment.[2] In that dismissal, the Court found that "Plaintiffs [had] been given [an opportunity to amend] and [had] still failed to properly plead the claims at issue."[3] Plaintiffs allege that they have found new information in discovery to support their allegations against Stolier. Accordingly, they filed a Motion for Leave to File a Fourth Amended Complaint, which the Magistrate Judge denied.[4] Before the Court is an appeal of that ruling.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[5] A magistrate judge is afforded broad discretion in resolving non-dispositive pre-trial matters.[6] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[7] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[8]

---

[2] Doc. 109.
[3] Doc. 109.
[4] Doc. 209.
[5] 28 U.S.C. § 636(b)(1)(A).
[6] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[7] Fed. R. Civ. P. 72(a).
[8] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[9]

## LAW AND ANALYSIS

Plaintiffs seek leave to file a Fourth Amended Complaint adding an additional 15 pages of repackaged allegations. Plaintiffs seek to re-allege allegations of professional negligence, aiding and abetting fraud, and vicarious liability against Jack Stolier despite the fact that the Court has twice dismissed claims against him. They contend that they should be given leave to amend because they have only recently come into possession of evidence to support allegations against Stolier. The Magistrate Judge denied this Motion, as the Court previously ordered that no further amendments would be entertained. Plaintiffs contend that they should be permitted to amend the Complaint and re-allege allegations against Stolier on the basis of this new evidence. Defendants oppose, arguing that Plaintiffs have been given ample opportunity to properly allege causes of action against Stolier.

Because this request to amend comes without a scheduling order in effect in this matter, it is governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that leave to amend a pleading should be given "freely ... when justice so requires." While the language of Rule 15(a) evinces a bias in

---

[9] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

favor of granting leave to amend,[10] leave "is by no means automatic."[11] The "generous standard" set forth in Rule 15(a) "is tempered by the necessary power of a district court to manage a case."[12] In exercising its broad discretion,[13] the trial court considers factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment.[14]

The Court previously dismissed Plaintiffs' claims against Jack Stolier with prejudice, noting specifically that the litigation had lingered in the pleadings stage for 16 months.[15] Now, nearly a year after the entry of that order, Plaintiffs seek to once again revisit the pleadings. The Court cannot imagine a more flagrant case of undue delay. Plaintiffs' contention that they have only now come into possession of evidence supporting claims against Stolier is not persuasive, as they have long been aware of the operative facts surrounding their claims. Indeed, if the Court allowed Plaintiffs to amend their Complaint each time they received additional discovery responses this case would remain mired in the pleading stage indefinitely. Further, the Court notes that Plaintiffs have repeatedly failed to cure deficiencies in their allegations against Stolier despite being given opportunities to do so. Finally,

---

[10] *Smith v. EMC Corp.*, 393 F.3d 590,595 (5th Cir. 2004).
[11] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).
[12] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).
[13] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[14] *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013).
[15] Doc. 109.

to allow further amendment to the pleadings after this case has been pending for more than two years would certainly result in undue prejudice to Defendants, who have an interest in seeing this case expeditiously resolved. The Court finds that these reasons alone warrant denial of leave to amend. However, out of an abundance of caution, the Court will also spell out the futility of Plaintiff's proffered amendment.

A district court does not abuse its discretion when it denies leave to amend because the amendment would be futile.[16] An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted."[17] Plaintiffs seek leave to plead three causes of action against Stolier: professional negligence, aiding and abetting fraud, and vicarious liability. As outlined below, Plaintiffs' proposed amended complaint fails to state a claim against Stolier on any of these causes of action.

## I. Professional Negligence

Plaintiffs again plead a professional negligence claim (i.e. legal malpractice) against Stolier. As this Court has previously noted, in order to support a claim for legal malpractice, a plaintiff must plead sufficient facts indicating that there was an attorney-client relationship.[18] In their proposed pleading, Plaintiffs contend that an attorney-client relationship was formed because: (1) Stolier's firm provided an engagement letter agreeing to represent

---

[16] *See Stripling v. Jordan Production Co.*, L.L. C., 234 F.3d 863, 872 (5th Cir. 2000).
[17] *Id.*
[18] Doc. 76 at 21 (citing *MB Indus., LLC v. CNA Ins. Co.*, 74 So. 3d 1173, 1184 (La. 2011).

5

WJLT; (2) Mr. Stolier is a named partner in the firm and his name appears on the letterhead; (3) the firm previously represented various entities associated with Plaintiff Matthews in other matters and (4) because it was reasonable for Matthews to subjectively believe that WJLT had an attorney-client relationship with Jack Stolier. This plainly represents an attempt to repackage Plaintiffs' earlier contention that an attorney-client relationship existed between Stolier and Matthews because Matthews was a client of Stolier's law firm. The court has previously rejected that argument as unsupported by law,[19] and Plaintiffs have provided no authority that would cause the Court to revisit that ruling. Absent allegations to support an attorney-client relationship, Plaintiffs' malpractice claims would not survive a motion to dismiss and are futile.

## II. Aiding and Abetting Fraud

Plaintiffs next allege that Stolier aided and abetted Sullivan and Morgan's fraud or misrepresentation. As the Court has now thrice explained, "In the absence of a conspiracy, there is no distinct cause of action for aiding and abetting under Louisiana law."[20] Additionally, "conspiracy is not a substantive tort in Louisiana."[21] "Instead, it is the tort which the conspirators

---

[19] Doc. 109.

[20] *Guidry v. Bank of LaPlace*, 661 So. 2d 1052, 1057 (La. App. 4 Cir. 1995); *accord Stephens v. Bail Enforcement of Louisiana*, 690 So. 2d 124, 130 (La. App. 1 Cir. 1997).

[21] *Wooley v. Lucksinger*, 14 So.3d 311, 435 (La. Ct. App. 1 Cir. 2008).

agreed to perpetrate and which they actually commit in whole or in part that constitutes the actionable elements of a claim."[22]

Yet again, Plaintiffs fail to allege that Stolier agreed with Sullivan and Morgan to defraud Matthews. Instead, they aver that his fraud is based on failure to disclose what he should have disclosed to Matthews/WJLT. Such allegations do not support a conspiracy, and the proposed amended complaint fails to state a claim for "aiding and abetting fraud."

### III. Vicarious Liability

Plaintiffs next contend that Stolier is vicariously liable under La. Civ. Code art. 2320, which codifies the principle of respondeat superior. Imputation of liability under Article 2320 requires, however, the existence of an employer-employee relationship.[23] They contend that Stolier is vicariously liable for the actions of Morgan and the law firm because of the degree of control that he exercised over these individuals; however, the allegations made are insufficient to support an employer-employee relationship. Accordingly, Plaintiffs' claims for vicarious liability fail.

---

[22] *Crutcher-Tufts Resources, Inc. v Tufts*, 38 So.3d 987, 991 (La. App. 4 Cir. 2010); *accord New Orleans Jazz & Heritage Found., Inc. v. Kirksey*, 40 So. 3d 394, 408 (La. App. 4 Cir. 2010).

[23] *Sparks v. Progressive Am. Ins. Co*, 517 So. 2d 1036, 1038 (La. App. 3 Cir. 1987).

**CONCLUSION**

      For the foregoing reasons, Plaintiffs' Motion for Review is **DENIED**. The Court again reiterates that no further amendments to the Complaint will be permitted.

      New Orleans, Louisiana this 27th day of May, 2016.

      _____
      **JANE TRICHE MILAZZO**
      **UNITED STATES DISTRICT JUDGE**

8