UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES MATTHEWS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6638** |
| **JACK STOLIER, ET AL** | **SECTION: "H"(3)** |

## ORDER AND REASONS

Before the Court is a Motion to Enjoin State Court Proceeding filed by Stephen Sullivan; Sullivan Stolier, A Partnership; Sullivan Stolier and Resor, A Prof. Law Corp; Sullivan Stolier Knight L.C. d/b/a The Health Law Center; Michael Schulze; and Jack Stolier (collectively, the "Law Firm Defendants") (Doc. 248) and a Motion to Enjoin State Court Proceedings filed by Connie Morgan, James Morgan, and Red River Healthcare Management Company, L.L.C. (collectively, the "Morgan Defendants") (Doc. 249). For the following reasons, these Motions are **GRANTED**.

## BACKGROUND

The background facts of this case have been detailed at length in the Court's previous orders.[1] Familiarity with these orders is assumed, however,

---

[1] *See, e.g.*, Doc. 109.

1

a brief background of the facts relevant to these Motions is helpful here. This litigation began in October 2013 when Plaintiffs filed an action in Orleans Parish Civil District Court for various claims arising out of the acquisition of Louisiana Specialty Hospital, LLC by WJLT Hospital, LLC, and the subsequent sale of LSH to Jefferson LTAC, LLC. This petition included both securities claims arising under federal law and state law claims based on the same transactions including, inter alia, negligence, breach of contract, fraud, and legal malpractice. Defendants removed the case to federal court based on federal question and supplemental jurisdiction (the "Federal Action"). On motion of the Law Firm Defendants, the Court twice dismissed Plaintiffs' claims against Defendant Jack Stolier for failure to state a claim.[2] The second of these dismissals was with prejudice.[3] On November 18, 2015, Plaintiffs then sought leave to file a Fourth Amended Complaint in yet another attempt to re-assert claims against Stolier. The Court ultimately denied that motion.[4] Accordingly, all claims against Stolier have been dismissed.

During the pendency of Plaintiffs' request to amend their complaint to re-allege allegations against Stolier, they returned to state court and, on November 28, 2015, filed a petition against Stolier re-alleging some of the claims previously dismissed by this Court (the "State Action"). This petition does not, however, include the securities claims alleged in the original suit; accordingly, the State Action may not be removed. The Law Firm Defendants aver that they had no knowledge of the State Action until Stolier was served on March 29, 2016. The Law Firm Defendants ask this Court to enjoin the State Action as an infringement on its removal jurisdiction.

---

[2] *See* Docs. 76 and 109.
[3] Doc. 109.
[4] Doc. 261.

**LEGAL STANDARD**

"The All Writs Act authorizes federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'"[5] Such "writs" include injunctions against state court proceedings.[6] However, a federal court's power under the All Writs Act is circumscribed by the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits a federal court from enjoining ongoing state proceedings unless the injunction falls into one of three exceptions: (1) it is expressly authorized by an Act of Congress; (2) it is necessary in aid of jurisdiction; (3) it is necessary to protect or effectuate judgments.[7]

An injunction is "expressly authorized by an Act of Congress" if the Act "creat[es] a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding."[8] The "necessary in aid of jurisdiction" exception to the Anti-Injunction Act ordinarily applies "only to parallel state in rem rather than in personam actions."[9] "There are, however, exceptions to this rule, most notably [in] school desegregation cases."[10] The "protect or effectuate judgments" exception to the Anti-Injunction Act, commonly referred to as the "relitigation exception," "was designed to permit a federal court to prevent state litigation of an issue that previously was

---

[5] *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2012 WL 1397633, at *4 (E.D. La. Apr. 23, 2012) (quoting 28 U.S.C. § 1651).
[6] *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2011 WL 2313866, at *3 (E.D. La. June 9, 2011).
[7] *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2011 WL 2313866 at *4; *cf. Vendo Co. v. Lektro Vend Corp.,* et al., 433 U.S. 623, 630 (1997).
[8] *Mitchum v. Foster*, 407 U.S. 225, 237 (1972).
[9] *Winkler v. Eli lilly & Co.*, 101 F.2d 1196, 1202 (7th Cir. 1996); *see also In re Vioxx Prods. Liab. Litig.*, 2012 WL 1397633 at *6.
[10] *Winkler*, 101 F.2d at 1202.

presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel."[11]

The purpose of the Anti-Injunction Act "is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court."[12] Consequently, "federal courts are to be cautious about infringing on the legitimate exercise of state judicial power."[13] Any doubts as to the propriety of injunctive relief "are to be resolved in favor of allowing the state court action to proceed."[14]

## LAW AND ANALYSIS

The Law Firm Defendants argue that the Court should enjoin pending state court proceedings against Jack Stolier as "an improper attempt to subvert this Court's removal jurisdiction by relitigating matters that have been considered at length by this Court."[15] The Morgan Defendants also join in this request for relief, noting that the factual allegations in the State Action include allegations of negligence against them that are duplicative of the allegations in the Federal Action. Plaintiffs respond, arguing that this Court is without the authority to issue the injunction requested by the Law Firm and Morgan Defendants. Additionally, they argue that they filed the State Action in an attempt to avoid peremption of the legal malpractice claims against Stolier.

The Federal Action includes both claims invoking federal securities laws falling within the Court's federal question jurisdiction and related state law claims falling within the Court's supplemental jurisdiction. It is the presence

---

[11] *Chick Kam Choo v. Exxon Corp, et al.*, 485 U.S. 140, 142 (2010).
[12] *Vendo Co.*, 433 U.S. at 630.
[13] *Texas. v. United States*, 837 F.2d 184, 186 (5th Cir. 1988).
[14] *Total Plan Servs. Inc. v. Tex. Retailers Ass'n, Inc.*, 925 F.2d 142, 144 (5th Cir. 1991) (quoting *Texas Emp'rs Ins. Ass'n v. Jackson*, 862 F.2d 491, 499 (5th Cir. 1988) (en banc)).
[15] Doc. 248 at 1.

4

of the federal question claims that permitted removal of the entire matter to this Court. Notably, at the time of removal, the Federal Action included, inter alia, state law claims of negligence, fraud, conversion and legal malpractice against Stolier that are identical to those presented in the nascent State Action. Because these claims were joined with the federal question claims, they fell within the Court's supplemental jurisdiction. The Court twice granted motions to dismiss the claims against Stolier, finding that Plaintiffs failed to state a cognizable claim for relief. Having given Plaintiffs leave to amend their complaint and finding that further amendment would unnecessarily hinder the progress of these proceedings, the second of these dismissals was with prejudice. Nevertheless, in an attempt to circumvent this ruling, Plaintiffs simultaneously filed both a motion to amend their complaint in the Federal Action, seeking leave to reallege claims against Stolier, and a petition instigating the new State Action, seeking recovery on the same state law claims that were previously dismissed with prejudice by this Court.

In deciding these Motions, the Court must consider the intersection of the All Writs Act and the Anti-Injunction Act. As noted above, the All Writs Act vests federal courts with broad authority to issue injunctions that are "necessary or appropriate in aid of their respect jurisdictions and agreeable to the usages and principles of law."[16] This authority is, however, tempered by the more specific provisions of the Anti-Injunction Act, which provides that a federal court may only grant an injunction to stay state court proceedings "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[17] It is a basic tenent of removal jurisdiction that removal of an action from state court includes an

---

[16] 28 U.S.C. § 1651.
[17] 28 U.S.C. § 2283.

5

attendant stay of state court proceedings and that a federal court may issue injunctions to prevent the state court from proceeding any further.[18] The Supreme Court has clearly held that the post-removal stay of state court proceedings authorized by 28 U.S.C. 1446(d) falls within the "expressly authorized" exception laid out in the Anti-Injunction Act.[19] In *Frith v. Blazon-Flexible Flyer, Inc.,* the Fifth Circuit further held that this authorization allows federal courts to enjoin both the removed action and any later filed state action that constitutes an attempt to undermine the removal statutes.[20]

Plaintiffs argue that *Frith* stands for the proposition that a district court may only enjoin a later filed state court action upon a finding of fraudulent joinder. There, the plaintiff filed a second state lawsuit based on the same facts as a previously removed federal suit, but included a non-diverse defendant, preventing removal.[21] Defendants nevertheless removed the second suit on diversity grounds, alleging that the non-diverse defendant was fraudulently joined.[22] This suit was allotted to a different section of the court in which the first suit was pending.[23] In remanding the second suit, the judge ruled that the joinder was not fraudulent.[24] Nevertheless, following remand of the second suit, the judge to whom the first suit was allotted enjoined the second suit from proceeding in state court.[25] Plaintiffs aver that, therefore, an injunction may not issue absent a finding of fraudulent joinder. This Court disagrees. *Frith*'s holding is limited to its facts, as the court was motivated by

---

[18] *Vendo Co.*, 433 U.S. at 640.
[19] *Id.*
[20] *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975).
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*

principles of collateral estoppel.[26] The Fifth Circuit expressed concern that the injunction represented a redetermination of the order remanding the second suit, which included an implicit finding that the second suit was not brought in an attempt to subvert the purposes of the removal statute. Indeed, the court announced the rule of law as follows: "[W]here a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized by §1446[(d)] in enjoining the proceedings in the state court."[27] Notably absent is any language explicitly confining such an injunction to cases of fraudulent joinder.

Plaintiffs also cite to the Ninth Circuit case of *Lou v. Belzberg* in support of their argument that a finding of fraudulent joinder is necessary to permit the injunction of a later-filed state court action.[28] The Court finds that this case likewise does not support such a far-reaching rule. There, on the facts before it, the Ninth Circuit reversed the granting of an injunction because the district court "made no finding that the second state court action was fraudulent **or** an attempt to subvert the purposes of the removal statute."[29] The *Lou* court specifically noted that the later filed case should not be enjoined because it "involve[d] different plaintiffs, additional counsel, additional defendants, and only state claims."[30] *Lou* does not, however, hold that an injunction is only allowed where fraudulent joinder is found.

Indeed, the federal courts' power to enjoin a later filed state court proceeding in the absence of a finding of fraudulent joinder is supported by the Eighth Circuit case of *Kansas Public Employees Retirement System v. Reimer*

---

[26] *Id.*
[27] *Id.*
[28] 834 F.2d 730 (9th Cir. 1987).
[29] *Id.* at 741 (emphasis added).
[30] *Id.*

7

*& Koger Associates, Inc.*[31] There, the court specifically held that "[t]he fraudulent joinder of non-diverse defendants is not relevant in cases based on federal question, rather than diversity, jurisdiction."[32] The court went on to state that "after removal the plaintiff cannot file essentially the same case in a second state action to subvert federal jurisdiction."[33] Other courts considering the issue have likewise found that a court may enjoin state proceedings on a finding that a later-filed state action was initiated in an attempt to subvert the removal of a prior case.[34]

The *Lou* court specifically noted that "[i]t would be of little value to enjoin continuance of a state case after removal and then permit the refiling of essentially the same suit in state court."[35] This is precisely what occurred here. The State Action involves the same claims, parties, and counsel as the claims asserted against Stolier in the Federal Action. Plaintiffs, having obtained an unfavorable result on one of their removed claims, seek a second bite at the apple by refiling their claims in the State Action. They candidly admit that this is the case, as they state that should they be granted leave to amend their Complaint in the Federal Action to reallege their claims against Stolier, they would have to "decide whether to proceed in this Court or in state Court."[36] This Court cannot imagine a clearer subversion of the purposes of the removal statute. Though plaintiffs "[have] the power to select the initial forum in which

---

[31] 77 F.3d 1063 (8th Cir. 1996).
[32] *Id.* at 1069.
[33] *Id.*
[34] *See, e.g., Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997); *Davis Int'l, LLC v. New Start Grp. Corp.*, 488 F.3d 597, 605 (3d Cir. 2007) ("Courts considering the question have unanimously held that a plaintiff's fraudulent attempt to subvert the removal statute implicates the "expressly authorized" exception to the Anti–Injunction Act and may warrant the granting of an anti-suit injunction."); *Faye v. High's of Baltimore*, 541 F.Supp.2d 752 (D. Md. 2008).
[35] 834 F.2d at 741.
[36] Doc. 253 at 3.

8

[they] file[] suit, Congress has also provided defendants with certain rights," including the right of removal.[37]  Defendants, upon exercising this right, are entitled to have the removed claims adjudicated in federal court.  Accordingly, the Court finds that the State Action was filed with the intent of subverting the purpose of the removal statutes and should be enjoined.

Plaintiffs' argue that they filed the State Action in an attempt to stave off the preemption of their legal malpractice claims against Stolier.  This argument is not persuasive.  Plaintiffs have previously asserted legal malpractice claims against Stolier in the Federal Action, thereby interrupting peremption.  As the Law Firm Defendants correctly point out in their reply brief, Plaintiffs will have the opportunity, at the termination of this litigation, to appeal the dismissal of the claims against Stolier.  Should the Fifth Circuit reinstate these claims, the matter would be remanded and the claims would proceed without peremption running against Plaintiffs.

## CONCLUSION

For the foregoing reasons, the Law Firm Defendants' Motion to Enjoin State Court Proceedings (Doc. 248) and the Morgan Defendant's Motion to Enjoin State Court Proceedings (Doc. 249) are **GRANTED**.  Plaintiffs are **ENJOINED** from prosecuting the lawsuit filed against Jack Stolier on November 28, 2015, in the Civil District Court for the Parish of Orleans, entitled, *Charles Matthews et al. v. Jack Stolier,* No. 2015-11315, Division J, Section 5.

New Orleans, Louisiana this 5th day of August, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[37] *Faye*, 541 F. Supp. at 756.