UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**CHARLES MATTHEWS, ET AL**                                 **CIVIL ACTION**

**VERSUS**                                                  **NO: 13-6638**

**JACK STOLIER, ET AL**                                     **SECTION: "H"(3)**

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand and Motion for Costs and Expenses (Doc. 286). For the following reasons, this motion is **GRANTED IN PART**. This matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

### BACKGROUND

The background facts of this matter have been detailed at length in the Court's earlier orders.[1] Familiarity with these orders is assumed; however, a brief overview of the procedural history of this matter is helpful here. This

---

[1] *See, e.g.*, Doc. 109.

1

litigation began in October 2013 when Plaintiffs filed an action in Orleans Parish Civil District Court for various claims arising out of the acquisition of Louisiana Specialty Hospital, LLC ("LSH") by WJLT Hospital, LLC, and the subsequent sale of LSH to Jefferson LTAC, LLC. This petition included both securities claims arising under federal law and state law claims based on the same transactions including, inter alia, negligence, breach of contract, fraud, and legal malpractice. Defendants removed the case to federal court based on federal question and supplemental jurisdiction. Federal question jurisdiction was based on the presence of Plaintiffs' claims under federal securities laws. The Court has recently dismissed those claims against all defendants, leaving only state law claims pending before this Court. Plaintiffs have moved to remand the remaining claims. They also seek attorneys' fees pursuant to 28 U.S.C. § 1447(c). Defendants oppose this Motion.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[4] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts

---

[2] 28 U.S.C. § 1441(a).
[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[4] *Id.*

underlying the citizenship of the parties."[5]  Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[6]

## LAW AND ANALYSIS

### I. Remand is Warranted

Plaintiffs' Motion is premised on the Court's recent dismissal of the federal securities law claims.  These claims served as the original jurisdictional predicate for removal, with the remaining state law claims falling within the Court's supplemental jurisdiction.   When all federal claims are dismissed or otherwise eliminated before trial, the court should generally decline to exercise supplemental jurisdiction over any remaining state law claims.[7]  In deciding whether to continue exercising jurisdiction, courts should consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[8]  The statutory factors include (1) whether the claim raises a novel or complex issue of State law, (2) whether the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) whether the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[9]

Defendants argue that the Court should retain jurisdiction over this matter due to this Court's familiarity with Plaintiffs' claims.  Defendants point

---

[5] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).
[6] *Id.*
[7] *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 247 (5th Cir. 1999); *Petroleum v. Dresser Indus.*, 962 F.2d 580, 585 (5th Cir. 1992).
[8] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).
[9] 28 U.S.C. § 1367 (c).

out that the matter has been pending before the Court for several years, and that the Court has decided several motions. In further support of this argument, they cite to several cases wherein the Fifth Circuit reversed a district court's decision to remand a case remanded on the eve of trial following dismissal of all claims within the Court's original jurisdiction. The Court finds, however, that these cases are distinguishable, in that they were remanded on at a much later stage of the litigation than exists here.[10] This matter is not set for trial until May 8, 2017. Depositions have only just begun, and no pretrial order has been prepared. As such, it can hardly be said that this matter is "on the eve of trial." Despite the lengthy pendency of the case, the matter has only recently left the pleadings stage. Indeed, the matter was stayed for much of the preceding year while Plaintiffs obtained new counsel. The only motion for summary judgment decided to date resulted in dismissal of the claims within the Court's original jurisdiction. Though multiple discovery motions have been filed in this matter, the judicial resources expended in resolving the same have been minimal as the magistrate judge has not ruled on any such motion. The Court has obtained no great familiarity with the evidence supporting Plaintiffs' claims. Additionally, the remaining claims involve issues of state law, namely attorney malpractice, fraud, negligence, and breach of fiduciary duty with complex factual underpinnings that are best resolved by a state court.

---

[10] *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595 (5th Cir. 2009) (reversing remand were the case at bar had over 1,300 docket entries, 41 decided dispositive motions, fourteen *Daubert* motions, and seven Motions in limine); *Batiste v. Island Records, Inc.,* 179 F.3d 217 (1999) (reversing remand where the trial was set to begin in a month and the Court had resolved numerous discovery disputes, motions to dismiss, and motions for summary judgment); *Newport Ltd. v. Sear, Roebuck and Co.*, 941 F.2d 302 (1991) (reversing remand where the litigation had produced thousands of pages of record, the pretrial order had been prepared and exceeded 200 pages, and over a hundred depositions had been taken).

The Court also finds that remand is in the interests of fairness. Though styled as a motion for summary judgment, Defendants' obtained dismissal of Plaintiffs' securities claims by challenging their legal sufficiency in a manner that could have been presented to the Court in a 12(b)(6) motion. Though Defendants filed several such motions, at that time Defendants did not challenge the legal sufficiency of those claims in what appears to this Court to be an obvious attempt to preserve their jurisdictional predicate. Only after prevailing on their motions to dismiss many of Plaintiffs' state law claims did Defendants move for summary judgment on Plaintiffs' federal securities claims. This move seems to be calculated in the hopes that the Court would be more inclined to exercise its supplemental jurisdiction over the remaining state law claims due to the lengthy pendency of the case. This course of action smacks of forum shopping and cannot be condoned. Accordingly, the Court finds that it should not exercise supplemental jurisdiction over the remaining state law claims.

## II. No Attorneys Fee Award is Warranted

Plaintiffs have also moved for an award of costs and attorneys' fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[11] Such an award may only be made where the removing party lacks an objectively reasonable basis for removal.[12] In this matter, at the time of removal, such a reasonable basis existed—namely, Plaintiffs' claims under federal securities laws. Plaintiffs' request for costs and attorneys' fees is therefore denied.

---

[11] 28 U.S.C. § 1447(c).
[12] *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED IN PART**.  This matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana this 2nd day of December, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**